**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHERYL WILKE (SBN# 216109)
110 S.E. 6th Street, Suite 2600,
Fort Lauderdale, FL 33301
Telephone: 954.495.2220
Cheryl.Wilke@lewisbrisbois.com

Attorneys for Defendant
GEO GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn,<br><br>Plaintiff,<br><br>v.<br><br>GEO GROUP, INC.; UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT; and the CITY OF MCFARLAND,<br><br>Defendants. | Case No. 1:22-cv-00586-JLT-BAK<br><br>**DEFENDANT GEO GROUP, INC'S MOTION TO DISMISS COUNT SEVEN AND EIGHT OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

# DEFENDANT'S MOTION TO DISMISS COUNT SEVEN AND EIGHT OF PLAINTIFF'S COMPLAINT

Defendant GEO GROUP, INC. ("Defendant") by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 8(a), 10(b) and 12(b)(6) hereby moves to dismiss the claims set forth in Plaintiff SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn, ("Plaintiff") Complaint on the following grounds:

1. The Seventh Cause of Action for alleged violation of Cal. Civil Code §43, Cal. Civil Code §51 ("Unruh Civil Rights Act").

2. The Eighth Cause of Action for alleged Violation of Cal. Civil Code §52.1 1 ("California Bane Act") for failure to state facts sufficient to constitute a cause of action.

WHEREFORE, in light of the foregoing, and as more fully explained below, Defendant respectfully requests that this honorable Court grant their Motion to Dismiss Count seven and Count eight against Defendant in the Complaint.

DATED: June 9, 2022 LEWIS BRISBOIS BISGAARD & SMITH LLP

  /s/ Cheryl Wilke
CHERYL WILKE, ESQ.
Cheryl.Wilke@lewisbrisbois.com
CA Bar No. 216109
Attorneys for Defendant GEO GROUP, INC.
Respectfully submitted,
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
Counsel for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn, ("Plaintiff") Complaint failed to allege that GEO GROUP, INC. ("Defendant") violated Cal. Civil Code § 43, Cal. Civil Code § 51 ("Unruh Civil Rights Act") and Cal. Civil Code § 52.1 ("California Bane Act").

## II. STATEMENT OF FACTS ALLEGED BY PLAINTIFF

Plaintiff is the daughter of seventy four year old decedent, Choung Woong Ahn ("Detainee"). Compl. ¶ 2, 12. Detainee was born in South Korea and entered the United States in 1988 as a lawful Permanent Resident and resided in San Francisco until the time of his arrest. Detainee was confined to state prison for years. *Id.* ¶14.

Detainee came to the attention of Immigration and Customs Enforcement ("ICE") pursuant to his incarceration at the California State Prison Salon ("CSP"). On or about February 21, 2020, ICE arrested Detainee at CSP and took Detainee into their civil custody and was transported to Mesa Verde ICE processing Center ("Mesa Verde"). *Id.* ¶15. Plaintiff alleged Defendant City of McFarland, California hired and entered into a service agreement with GEO Group for immigration detention services at Mesa Verde[1]. *Id.* ¶7.

On March 12, 2020, while at Mesa Verde, Detainee reported he was experiencing shortness of breath and chest pain. *Id.* ¶20. Detainee was treated by Third Party Defendant, Wellpath. Wellpath contracted with GEO Group to provide on-site medical care to Detainees including Ahn. *Id.* ¶48. After evaluation, Wellpath requested Detainee be transferred for outside medical facility. Detainee was admitted to the emergency department of Mercy Hospital in Bakersfield, California. *Id.* ¶20. Detainee received emergency surgery to remove a mass on his lung. During this time, Detainee was distressed and believed he had been diagnosed with lung cancer. *Id.* ¶ 21.

On May 14, 2020 Detainee returned to Mesa Verde after receiving a negative COVID -19

---

[1] Although it is alleged, that the Defendant City of McFarland, California hired GEO Group for immigration detention services at Mesa Verde, it was ICE who contracted directly with the Defendant, GEO Group to provide detention services.

test and was placed in isolation after spending two days in the emergency department during the pandemic. *Id.* ¶ 32. He was segregated to avoid community spread during the height of the pandemic and prior to the availability of vaccinations.

On May 17, 2020 Detainee committed suicide by hanging himself with a bedsheet. *Id.* ¶ 51.

## III. THE COMPLAINT FAILS TO PLEAD ANY VIABLE CLAIM ESTABLISHING THAT DEFENDANT VIOLATED CAL. CIVIL CODE § 43, CAL. CIVIL CODE § 51 (UNRUH) AND CAL. CIVIL CODE § 52.1 (BANE ACT).

To survive a motion to dismiss, the pleading must establish a "plausible" right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff has failed to establish a plausible right to relief under both Cal. Civil Code § 43, Cal. Civil Code § 51 (Unruh Civil Rights Act) and Cal. Civil Code § 52.1 (California Bane Act).

### A. Plaintiff Has Not Properly Pled A Violation of Cal. Civ. Code § 51.

The Unruh Civil Rights Act (hereinafter, "The Unruh Act"), provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability [or] medical condition ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. Code § 51.

A plaintiff alleging a violation of the Unruh Act must show the following (1)) [plaintiff] was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) [plaintiff's] disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. *Johnson v. Beahm*, No. 2:11–cv–0294–MCE–JFM, 2011 WL 5508893, at *4 (E.D.Cal. Nov. 8,

2011).

In short, Plaintiff's Unruh Act claim should be dismissed because (1) Defendant is not a business establishment and there was no customer-proprietorship relationship and (2) Detainee was not denied accommodations because of any alleged disability. *See Delta Sav. Bank v. U.S.*, 265 F.3d 1017, 1025 (9th Cir. 2001).

### 1. <u>Defendant does not qualify as a business establishment</u>

The Ninth Circuit has confirmed that in determining whether an organization qualifies as a "business establishment" under the Unruh Act, the focus of the inquiry must be the relationship between plaintiff and defendant. *Id.* at 1025. ("[Unruh Act] has been limited to cases "where the plaintiff was in a relationship with the offending organization similar to that of the customer in the customer-proprietor relationship."); *see also Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 873–74 (9th Cir. 1996)("The Unruh Act claims [are] appropriate where the plaintiff was in a relationship with the offending organization similar to that of the customer in the customer-proprietor relationship which the Act and its predecessors have most commonly covered'").

In addition, "the word 'business' embraces everything about which one can be employed and it is often synonymous with calling, occupation or trade, engaged in for the purpose of making a likelihood or gain. *O'Connor v. Village Green Owners Assoc.*, 33 Cal.3d 790, 795, 191 Cal.Rptr. 320, 662 P.2d 427 (1983). According to *O'Connor* and the California Court of Appeal's interpretation of section 51 "a prison does not qualify as a "business" because prisoners are not engaged in a calling, occupation or trade for purposes of making a livelihood or gain." *Taormina v. Cal. Dep't of Corrs.*, 946 F. Supp. 829, 834 (S.D. Cal. 1996)(citing *O'Connor*, 33 Cal.3d at 795). . "Rather, [prisoners] are incarcerated by the state because of crimes which they have committed. *Id.* (holding the Unruh Act does not apply to correctional facilities); *Estate of Mejia v. Archambeault*, 2021 WL 4428990 *8 (S.D. Cal. Sept. 27, 2021)("although the Court recognizes that [Defendant] is not a state jail or prison, the Court notes that other courts have consistently held that state jails and prisons are not "business establishments" under the Unruh Act").

Pleading "a private operator of federal detention centers, qualifies as a business establishment under the Unruh Act is unpersuasive." *Id.* at *8. In the present case, Plaintiff relies

on *Wilkins-Jones v. Cty. of Alameda*, the exact case the Southern District identified as a non-binding case involving a private contractor. *Id.* ("*Wilkins-Jones* court emphasized that the private contractor at bar was 'qualitatively different from a correctional facility itself'").

Identical to *Estate of Mejia*, Defendant is also a private operator of correctional facilities and thus is distinguishable from *Wilkins-Jones* non-binding case law involving a private contractor. *Id. at *8*. Defendant requests the court to rule in line with the Southern District of California that "[a]bsent legislation or clear interpretation from the Ninth Circuit, the Court cannot embrace Plaintiffs' novel interpretation of the Unruh Act." *Id.*

### 2. Detainee was not denied accommodations because of any alleged disability.

Plaintiff further alleges Detainee was denied accommodations because of his mental health. On March 12, 2020 Detainee was admitted to Mercy Hospital in Bakersfield due to chest pain and struggling to breathe. Compl. ¶31, 34. Once Detainee returned on May 14, 2020 he was placed in medical isolation because of his low immunity and high number of positive COVID 19 cases not because of any alleged disabilities. *Id.* at ¶ 34. Plaintiff fails to present any evidence to state a claim of relief that Detainee was denied accommodations because of his alleged disability of depression, anxiety, and other mental illnesses. *Id.* at ¶ 145.

In essence, Defendant requests the Court to dismiss Count Seven for a failure to adequately plead claim under the Unruh Act.

### B. Plaintiff Has Not Properly Pled A Violation of Cal. Civ. Code § 52.1

The Tom Bane Civil Rights Act (" Bane Act") provides for civil actions against those who interfere or attempt to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by" the Constitution or laws of the United States or the State of California. Civ. Code, § 52.1(b); *see Shoyoye v. County of Los Angeles*, 137 Cal. Rptr. 3d 839, 955, 959 (Cal. App. 2d Dist. 2012) (held "[t]he essence of a Bane Act claim is that the defendant, by the specified improper means, (i.e., threats, intimidation or coercion), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the

plaintiff to do something that he or she was not required to do under the law); *see also Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040, 1043 (9th Cir. 2018)(held the Bane Act was originally enacted in 1987 to address hate crimes). In other words, the apparent purpose of the Bane Act is not to provide relief brought about by human error rather than intentional conduct. *Shoyoye*, 137 Cal. Rptr. 3d at 959. Legislature meant the Act to address interference with constitutional rights involving more egregious conduct than mere negligence, even assuming *arguendo* there was any negligence on the part of GEO Group, which is expressly denied.. *Id.* at 958.

The Act imposes an additional requirement beyond a finding of a constitutional violation. *Reese*, 888 F.3d 1043. "[T]hreat, intimidation or coercion serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief." *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 225, Cal. Rptr. 3d 356, 383 (2017)(case cited in *Reese*, 888 F.3d at 1043). The Ninth Circuit has held the specific intent requirement articulated in *Cornell* is consistent with the language of § 52.1. *Reese*, 888 F.3d at 1043. Accordingly, *Cornell* held the egregiousness required by § 52.1 is tested by whether the circumstances indicate Defendant had a specific intent to violate the Detainee's rights. *Id.* at 1044.

*Cornell* adopted the specific intent standard established in *Screws v. U.S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), for assessing criminal violations of federal civil rights. This test essentially sets forth two requirements for a finding of "specific intent." *Cornell*, 17 Cal. App. 5th at 803. The first is a purely legal determination, (1) "Is the right at issue clearly delineated and plainly applicable under the circumstances of the case?" *Id.* If the trial judge concludes that it is, then the jury must make the second, factual, determination. (2) "Did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?" *Id.* The act of interference with a constitutional right must be deliberate or spiteful. *Shoyoye*, 137 Cal. Rptr. 3d at 849.

Here, Plaintiff pleads no evidence of any specific intent to violate the Detainee's rights nor any evidence of interference being deliberate or spiteful. On May 14, 2020 Mesa Verde moved Detainee to Medical Isolation after returning from the hospital in midst of a pandemic. Compl. ¶155.

Plaintiff fails to properly plead that the decision was committed for the particular purpose of depriving Detainee of his enjoyment of right. Placing Detainee with other Detainees while already showing symptoms of poor immunity could have worsen his conditions.

Furthermore, there is no evidence in the Complaint Defendant threatened or attempted to intimidate Detainee, nor is there evidence that Detainee was treated differently than other Detainees, or that any conduct directed at him was to interfere with his constitutional rights.

In essence, the Eastern District of California has recognized that there are two distinct elements for a section 52.1 cause of action: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. *Warren v. Mgt. and Training Corp.*, 2016 WL 8730711 at *4 (E.D. Cal. Aug. 5, 2016). In sum, Plaintiff has failed to establish a cause of action for both elements under section 52.1.

## IV. CONCLUSION

The Complaint's attempt to state a violation of Cal. Civil Code § 43, Cal. Civil Code § 51 (UNRUH) and Cal. Civil Code § 52.1 (Bane Act) fails as a matter of law. Defendants respectfully request the court grant Defendant's Motion to Dismiss Count Seven and Eight of Plaintiff's Complaint.

DATED: June 9, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Cheryl Wilke*
     CHERYL WILKE, ESQ.
     Cheryl.Wilke@lewisbrisbois.com
     CA Bar No. 216109
     Lewis Brisbois Bisgaard & Smith LLP
     110 SE 6th Street, Suite 2600
     Fort Lauderdale, Florida 33301
     Telephone: 954.728.1280
     Facsimile: 954.728.1282
     Counsel for Defendants


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**SYLVIA AHN, as daughter and**
**on behalf of the Estate of**
**Choung Woong Ahn, v. GEO GROUP, INC.**

**Case No. 1:22-at-00351**

| | |
|---|---|
| Trevor Kosmo (SBN 329218)<br>Priya Arvind Patel (SBN 295602)<br>CENTRO LEGAL DE LA RAZA<br>3400 East 12th Street<br>Oakland, CA 94601<br>Telephone: (510) 838-0265<br>Facsimile: (510) 437-9164<br>tkosmo@centrolegal.org<br>ppatel@centrolegal.org | *Attorney for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn* |
| Oren Nissim Nimni*<br>Amaris Montes*<br>Sophie Angelis (SBN 341668)<br>RIGHTS BEHIND BARS<br>416 Florida Ave. NW #26152<br>Washington, D.C. 20001<br>Telephone: (202) 540-0029<br>oren@rightsbehindbars.org | *Attorney for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn* |
| Lisa Knox (SBN 279406)<br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>1999 Harrison St #1800<br>Oakland, CA 94612<br>Telephone: 5102302746<br>Facsimile: (415) 840-0046<br>lisa@ccijustice.org | *Attorneys for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn* |