**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHERYL WILKE (SBN# 216109)
110 S.E. 6th Street, Suite 2600,
Fort Lauderdale, FL 33301
Telephone: 954.495.2220
Cheryl.Wilke@lewisbrisbois.com

Attorney for Defendant
GEO GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn,<br><br>       Plaintiff,<br><br>   v.<br><br>GEO GROUP, INC.; UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT<br>       Defendants. | Case No. 1:22-cv-00586-JLT-BAK<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant GEO GROUP, INC. ("Defendant") by and through their undersigned counsel, hereby respectfully notifies the Court of supplemental authority in further support of their pending Motion to Dismiss Count Seven and Eight of Plaintiff's Amended Complaint [ECF No. 21] and Defendant's Reply to Plaintiff's Opposition [ECF No. 24].

### I. BACKGROUND

1. On May 17, 2022, Plaintiff Sylvia Ahn ("Plaintiff") brought her complaint on behalf of the estate of Choung Woong Ahn ("Detainee"). [ECF No. 1]. On June 23, 2022, Plaintiff amended her Complaint. [ECF No. 18].

2. On July 12, 2022, Defendant filed their Amended Motion to Dismiss Count Seven and Eight of Plaintiff's Amended Complaint. [ECF No. 21].

3. On July 26, 2022, Plaintiff filed their Memorandum in Opposition to Defendant Geo Group's Amended Motion to Dismiss. [ECF No. 23].

4. Pursuant to Local Rule 230(d), on August 5, 2022, Defendant filed their Reply to Plaintiff's Opposition "[n]o later than ten (10) days after the opposition was filed." [ECF No. 24].

### II. SUPPLEMENTAL AUTHORITY

Pursuant to Local Rules 230(m)(2), Defendant respectfully notifies the Court and the parties of the recent Opinion and Order of the Supreme Court of California in *Brennon B. v. Super. Ct. of Contra Costa County*, S266254, 2022 WL 3096272 (Cal. Aug. 4, 2022). *See* ("Exhibit A"). This opinion was issued on August 4, 2022, within twenty-four (24) hours of when Defendant's Reply was due. Defendant respectfully requests the Court to prevent manifest injustice and permit the newly issued Opinion and Order of the Supreme Court of California to be permitted to supplement

Defendant's Amended Motion to Dismiss. [ECF No. 21]; [ECF No. 24]. Further, the Ninth Circuit has stated when a pertinent authority comes to a party's attention after the party's brief has been filed, the proper initial procedure for notifying the court is to advise the circuit clerk by letter of the supplemental citation without argument. *Fox v. Bonneville Power Administration*, 243 F.3d 547 *2 (9th Cir. 2000); *see also Martinez v. Crab Addison, Inc.*, 358 Fed. Appx. 782 (9th Cir. 2009) ("[T]he district court also violated no constitutional rights in considering [Party]'s notice of supplemental authority; courts have long recognized the propriety of considering such notices of relevant case law. *See, e.g.*, Fed. R.App. P. 28(j).")

In *Brennon B. v. Super. Ct. of Contra Costa County*, the Court considered whether a plaintiff who asserts allegations that the public school district had violated the Unruh Civil Rights Act can hold them liable under the Act, is relevant to the plaintiff's claims in this case in several respects. 2022 WL 3096272 at 1; *cf.* [ECF No. 1] at ¶140-149.

First, in *Brennon*, the plaintiff contends that the business establishments "in subdivision (b) encompasses public school districts, and that — even if it does not — the addition of subdivision (f) makes public school districts liable under the Unruh Civil Rights Act when they violate the ADA." *Id.* at *7.

In holding that a public school ***was not a business establishment***, the opinion on pages 10-12 is relevant to Plaintiff's claims. [ECF No. 23] at 4-7. The Supreme Court of California clarifies that

> The everyday meaning of "business establishments" — even with the statute's expansive "of every kind whatsoever" clause— conveys reference to commercial entities, those whose principal mission is the transactional sale of goods or services. The Oxford English Dictionary identifies "the most common sense" of "business" as "[t]rade and all activity relating to it, esp. considered in terms of volume or profitability; commercial transactions, engagements, and undertakings regarded collectively; an instance of this."

*Id.* at *10.

All business establishments of every kind whatsoever — covers entities engaged in the kinds of commercial transactions characteristic of "business establishments"; it cannot be stretched to reach a state actor "carry[ing] out the state's constitutionally mandated duty to provide a system of public education." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1195 (Wells))

*Id.* at *11-12.

Furthermore, the Court emphasizes that "[Plaintiff]'s argument is not salvaged by the fact that the phrase 'business establishments' should be understood in the broadest sense reasonably possible." *Id.* at *15; *cf.* [ECF No. 23] at 4.  The Court has explained that the Unruh Civil Rights Act applies only where an entity's "**activities reasonably could be found to constitute a business establishment.**" *Id.*

Lastly, California's Supreme Court has provided clarification on subdivision (f) of the Unruh Act. In *Brennon*, similar to our case, Plaintiff "contends that, even if the District is not a business establishment under subdivision (b) of section 51, it can still be sued for discrimination by virtue of subdivision (f) of that section." *Id.* *12.

> [T]he addition of subdivision (f) **was not intended to effectuate a sea change in the operation of the Act** by subjecting a vastly expanded set of entities to liability for the first time in the law's history. The Act retained, as it always had, the limitation that the law applied to the acts of "business establishments" — the amendment did not eliminate that provision from the Act. Such a modification would have far exceeded the goal of conforming the Unruh Civil Rights Act to the ADA and, as discussed below, would have rendered the Legislature's amendment of other civil rights statutes superfluous.
> […]
>
> Thus, the Court of Appeal was correct to conclude that subdivision (f) makes "any violation of the ADA *by a business establishment*" a violation of the Unruh Civil Rights Act.
> […]
>
> "We thus *see no indication the Legislature intended, as to disability discrimination only, to transform the [Unruh Civil Rights Act]* into a general antidiscrimination statute making any violation of the ADA by any person or entity a violation of the Act." (*Brennon B., supra*, 57 Cal.App.5th at p. 400.)

*Id.* at *30-32.

In closing the Court emphasized that

> As the parties and the amici curiae make clear, there are exceedingly compelling, yet competing, policy concerns implicated by this case. Policy arguments, no matter how persuasive, cannot overcome a clear legislative intent derived from statutory text and appropriate extrinsic sources.

*Id.* at *18. A true and correct copy of the August 4, 2022, opinion is attached.

DATED: August 10, 2022              LEWIS BRISBOIS BISGAARD & SMITH LLP

                                    By:  /s/ Cheryl Wilke
                                         CHERYL WILKE
                                         Attorney for Defendant GEO GROUP, INC.

**SERVICE LIST VIA CM/ECF**
**SYLVIA AHN, as daughter and on behalf of the Estate of**
**Choung Woong Ahn, v. GEO GROUP, INC**

**Case No. 1:22-at-00351**

Trevor Kosmo (SBN 329218)

Priya Arvind Patel (SBN 295602)
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, CA 94601
Telephone: (510) 838-02656
Facsimile: (510) 437-9164
tkosmo@centrolegal.org
*Attorney for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate ofChoung Woong Ahn*

Oren Nissim Nimni*
Amaris Montes*
sophie Angelis (SBN 341668)
RIGHTS BEHIND BARS
416 Florida Ave. NW #26152
Washington, D.C. 20001
Telephone: (202) 540-0029
oren@rightsbehindbars.org
A*ttorney for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn*

Lisa Knox (SBN 279406)

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
1999 Harrison St #1800
Oakland, CA 94612
Telephone: 5102302746
Facsimile: (415) 840-0046
lisa@ccijustice.org