PHILLIP A. TALBERT
United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Defendant United States
Immigration and Customs Enforcement

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN,<br><br>        Plaintiff,<br><br>v.<br><br>GEO GROUP, INC., et al.,<br><br>        Defendants. | CASE NO. 1:22-CV-00586-JLT-CDB<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

Plaintiff Sylvia Ahn moves to file a proposed Second Amended Complaint, which would primarily do two things: (1) add the United States as a defendant; and (2) add six claims against defendants Immigration and Customs Enforcement (ICE) and the United States under the Federal Tort Claims Act (FTCA).

Although ICE[1] does not categorically object to the Court's granting leave, it submits to the Court three considerations bearing on plaintiff's Motion: (1) dismissal of ICE and any related federal defendants (including the United States) remains appropriate due to failure of service and the lack of any good cause explaining the failure; (2) the Second Amended Complaint still appears to assert a Rehabilitation Act claim against ICE, which is improper; and (3) if the Court permits amendment and chooses not to dismiss the case for lack of service, ICE and any other federal defendants request 45 days to respond to the Second Amended Complaint from the date of the Court's grant of leave.

---

[1] Because the United States is not yet a party to this lawsuit, this response is filed on behalf of ICE only. The undersigned, however, will represent the United States if plaintiff were permitted to add it as a defendant, and thus can speak on behalf of the United States should the Court deem it necessary.

Response to Plaintiff's motion for Leave to File Second Amended Complaint      1

1    First, ICE filed a Motion to Dismiss based on, among other things, plaintiff's failure to serve the
2    United States with process. ECF No. 32-1, at 3. Plaintiff did not oppose the motion and still has not
3    served the United States pursuant to Rule 4. It has been nearly a year since plaintiff filed her initial
4    Complaint, and she has offered no justification for the failure of service nor demonstrated substantial
5    compliance with Rule 4. Proper service of process is required to exercise personal jurisdiction over a
6    defendant, and actual notice is not a substitute. *Direct Mail Specialists, Inc. v. Eclat Computerized*
7    *Techs.*, 840 F.2d 685, 688 (9th Cir. 1988); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *SEC v.*
8    *Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Thus, any federal defendants should be dismissed from
9    this case regardless of whether leave to amend is granted, and plaintiff should only be allowed to
10   proceed against GEO Group in this lawsuit.

11   Second, ICE moved to dismiss plaintiff's Rehabilitation Act claim for lack of subject matter
12   jurisdiction and failure to state a claim. ECF No. 32-1, at 3-6. Plaintiff did not oppose this part of ICE's
13   Motion to Dismiss either. Nevertheless, plaintiff's proposed Second Amended Complaint still appears
14   to assert a Rehabilitation Act claim against ICE. Although the heading to plaintiff's Rehabilitation Act
15   claim says it is against GEO Group, she still asserts that "ICE discriminated against Mr. Ahn because of
16   his disability" and refers to "ICE" or "Defendants" in allegations pertaining to Count Two. SAC ¶¶ 113,
17   113(a)-(c), 114. ICE asks that the Court deny leave to amend as futile to the extent that plaintiff intends
18   to assert a Rehabilitation Act claim against it (or any other federal entity). If, however, the references to
19   ICE or Defendants in Count Two are inadvertent, ICE asks that plaintiff be required to file a revised
20   Second Amended Complaint without those references.

21   Finally, if plaintiff is granted leave to file a Second Amended Complaint and ICE and any other
22   federal defendants are not dismissed for lack of service, they respectfully request leave to file their
23   response to the Second Amended Complaint within 45 days of the date the Court formally grants
24   plaintiff's request for leave.[2] For cause, ICE states that the Second Amended Complaint significantly
25   expanded and fundamentally changed the nature of the claims against it. Further, the proposed Second
26   Amended Complaint implicates numerous potential jurisdictional defenses under the FTCA that ICE had

27   _____
     [2] For example, if the Court granted plaintiff's Motion for Leave on April 10, 2023, then ICE and
28   any other federal defendants would have until May 25, 2023 to file their response.

no reason to consider—and could not assert—in response to the First Amended Complaint.  ICE submits that additional time is required to more fully assess and present those issues to the Court.

Therefore, for the foregoing reasons, ICE respectfully requests that this Court dismiss it and any other proposed federal defendant from this matter due to lack of service of process.  Alternatively, ICE requests that the Court require plaintiff to submit a Second Amended Complaint that unambiguously removes ICE from plaintiff's Rehabilitation Act claim, and grant ICE and any other federal defendants 45 days to file their response to the Second Amended Complaint after the date on which the Court formally grants plaintiff leave to amend.

Respectfully submitted,

Dated:  March 30, 2023

PHILLIP A. TALBERT
United States Attorney

By:  /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, a true and accurate copy of the foregoing has been served on all counsel of record via this Court's CM/ECF electronic filing system.

/s/   BRODIE M. BUTLAND
Assistant United States Attorney

Counsel for U.S. Immigration and Customs Enforcement