UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN, | Case No. 1:22-cv-00586-CDB |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| THE GEO GROUP, INC., *et al.* | (Doc. 35) |
| Defendants. | ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS |
| | (Docs. 21, 32) |
| | ORDER RESETTING SCHEDULING CONFERENCE |

Before this Court is Plaintiff Sylvia Ahn's ("Plaintiff") motion to file a second amended complaint (Doc. 36), the responses (Docs. 40-41) of Defendants United States Immigration & Customs Enforcement ("ICE") and Geo Group, Inc. ("Geo Group"), and Plaintiff's reply (Doc. 43). For the reasons explained herein, Plaintiff's motion to file a second amended complaint shall be granted.[1]

/ / /

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Magistrate Judge Christopher D. Baker for all purposes. (Docs. 37-39).

**Background**

On May 17, 2022, Plaintiff filed a complaint for compensatory and punitive damages against Defendants Geo Group, ICE, and the City of McFarland. (Doc. 1). Plaintiff asserted eight causes of actions against Defendants. *Id*. at 10-29. That same day, Plaintiff submitted an administrative claim to ICE under the Federal Tort Claims Act ("FTCA"). (Docs. 35 at 3, 35-2).

On June 9, 2022, Geo Group filed a motion to dismiss counts seven and eight of Plaintiff's complaint. (Doc. 16). On June 23, 2022, Plaintiff filed a notice of voluntary dismissal of the City of McFarland without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 17). That same day, Plaintiff filed a first amended complaint against Defendants Geo Group and ICE. (Doc. 18). Plaintiff asserted seven causes of actions solely against Geo Group and a claim of Disability Discrimination-Violation of the Rehabilitation Act against Geo Group and ICE. *Id*. at 11-31.

On July 12, 2022, Geo Group filed a motion to dismiss counts seven and eight of Plaintiff's first amended complaint. (Doc. 21). The Court denied as moot Geo Group's June 9, 2022, motion to dismiss in light of the filing of a first amended complaint and amended motion to dismiss on July 15, 2022. (Doc. 22). On July 26, 2022, Plaintiff filed an opposition to Geo Group's motion to dismiss and Geo Group filed a reply on August 5, 2022. (Docs. 23-24). Geo Group and Plaintiff filed notices of supplemental authority on August 10 and 17, 2022. (Docs. 26-27).

On October 11, 2022, ICE denied Plaintiff's administrative claim under the FTCA. (Docs. 35 at 3, 35-3). On March 3, 2023, ICE filed a motion to dismiss Plaintiff's claim against ICE under the Rehabilitation Act. (Doc. 32). ICE argues the claim should be dismissed because (1) Plaintiff has not properly served the United States; (2) the federal government is immune from Rehabilitation Act claims, (3) Plaintiff has not stated a plausible claim for violation of the Rehabilitation Act, and (4) she has not demonstrated standing to bring the Rehabilitation Act claim individually. *Id*.

On March 17, 2023, Plaintiff filed a motion for leave to file a second amended complaint. (Doc. 35). Plaintiff seeks to amend her complaint to (1) add six state law tort claims that ICE

1 denied administratively, and (2) to add the United States of America as a new defendant. (Docs. 35, 35-1).

On March 30, 2023, ICE filed a response to Plaintiff's motion for leave to amend. (Doc. 40). ICE did not "categorically object to the Court's granting leave" but noted dismissal of ICE and any related federal defendants remained appropriate due to failure of service and lack of any good cause explaining the failure. *Id*. at 1-2. ICE also argued Plaintiff's proposed amended complaint still asserted an improper Rehabilitation Act claim against it. *Id*. ICE asked the Court if Plaintiff's motion for leave to amend was granted, it be provided 45 days to file a response to Plaintiff's second amended complaint. *Id*. at 2-3. On March 31, 2023, Geo Group filed a response to Plaintiff's motion for leave to amend adopting and supporting the response filed by ICE and reasserting its positions and defense as set forth in its motion to dismiss. (Doc. 41).

On April 7, 2023, Plaintiff filed a reply to ICE's and Geo Group's responses. (Doc. 43). Plaintiff argues the federal defendants, ICE and the United States, should not be dismissed. *Id*. at 3. Specifically, Plaintiff argues the claims against the federal defendants all arise under the FTCA. *Id*. Plaintiff contends "[b]ecause these are newly ripe claims that could not have been pleaded or served before, Plaintiff should be allowed to amend her complaint to add such claims and parties." *Id*. Next, Plaintiff avers its second amended complaint does not bring a Rehabilitation Act claim against ICE. *Id*. at 5. Lastly, Plaintiff notes it has no objection to ICE's requested extension to file an answer to her second amended complaint. *Id*. at 5-6.

**Legal Standard**

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest*

*Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, 2011 WL 1335607, at *3 (N.D. Cal. April 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself…is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant *Nunes* factors below:

1. **Bad faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645,

4

651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

In the case at bar, there is little "evidence in the record which would indicate a wrongful motive" on Plaintiff's behalf in requesting leave to amend. *DCD Programs*, 833 F.2d at 187. Plaintiff justifies her request for leave to amend by representing to the Court that all of her new claims could not have been successfully raised in her first amended complaint as, at that time, they had not been exhausted. (Doc. 43 at 4) (citing *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011)). Accordingly, this factor weighs in favor of amendment.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs, Ltd.*, 833 F.2d at 186. In combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80. To determine undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court finds no undue delay that would support denying leave to amend. Plaintiff claims a second amended complaint is necessary as her FTCA claims had not yet been exhausted when she filed the first amended complaint. (Doc. 35). On October 11, 2022, Plaintiff exhausted her administrative claims under the FTCA. *Id*. at 3. Then, Plaintiff waited over five months to amend her complaint. Plaintiff has failed to address why she delayed for months to present her exhausted claims under the FTCA to this Court. *See generally* (Docs. 35, 43). However, as a

scheduling conference has not been held (Docs. 8, 25, 30, 34), discovery deadlines and a trial date have not been set, and Defendants demonstrate no irreparable prejudice they might suffer were leave to amend granted, the Court finds Plaintiff's delay was not improper. Thus, this factor weighs in favor of amendment. *Cf. Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (affirming denial of leave to amend where tardiness of the motion prejudiced the opposing party).

### 3. Futility of amendment

A court may deny leave to amend if the proposed amendment is *futile* or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

Here, ICE argues Plaintiff's second amended complaint attempts to assert a Rehabilitation Act claim against it. *See* (Doc. 40 at 2) ("Although the heading to plaintiff's Rehabilitation Act claim says it is against GEO Group, she still asserts that 'ICE discriminated against Mr. Ahn because of his disability' and refers to 'ICE' or "Defendants" in allegations pertaining to Count Two."). In contrast, Plaintiff purports she has raised a Rehabilitation Act claim only against GEO Group. (Doc. 43 at 5).

The Court has reviewed Plaintiff's proposed second amended complaint and understands ICE's confusion as to Plaintiff's Rehabilitation Act claim. Plaintiff alleges within her proposed second amended complaint that ICE violated the Rehabilitation Act. (Doc. 35-1 at ¶¶ 113-14). In fact, a side-by-side comparison of Plaintiff's first amended complaint (that raised a Rehabilitation Act claim against ICE) and the proposed second amended complaint shows that Plaintiff primarily changed the heading and not the substance of her second count. (Docs. 18 at ¶¶ 79-101, 35-1 at ¶¶ 94-115). Therefore, the Court will require Plaintiff to submit a second amended

6

complaint that unambiguously removes ICE from Plaintiff's Rehabilitation Act claim. Defendants present no other arguments to deny Plaintiff's motion for leave to amend on the basis of futility. Therefore, this factor weighs in favor of amendment.

### 4. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

ICE's argument that granting leave to amend will cause prejudice is predicated largely on its claim it should be dismissed due to Plaintiff's failure to effectuate service. (Doc. 40 at 2). Although Plaintiff does not explain the reasons for failing to effect service, she suggests she purposefully delayed service so that she could complete administrative exhaustion of certain claims first. (Doc. 43 at p. 3). Delaying service based on the prospect of amending a complaint ordinarily does not constitute good cause to extend the time for service under Rule 4(m). *See Wei v. State of Hawaii*, 763 F.2d 370, 371-72 (9th Cir. 1985). However, the Court has discretion to permit an extension of time even absent a party's showing of "good cause" for the extension. Specifically, the 1993 Advisory Committee Notes state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences [of a dismissal] even if there is no good cause shown."

Pursuant to Federal Rule of Civil Procedure 4(m), any dismissal for failure to timely effect service would be limited to dismissal without prejudice. Fed. R. Civ. P. 4(m). Thus, were the Court to grant ICE dismissal as it has requested, Plaintiff in all likelihood would re-add ICE to a new lawsuit that, for the sake of economy and prudence, likely would be consolidated with the prior (current), pending action. *Valdez-Lopez*, 656 F.3d at 856. Thus, dismissal on such grounds at this junction would not be an efficient use of resources for either the parties or this Court. Accordingly, this factor weighs in favor of granting leave to amend.

/ / /

/ / /

**5. Prior amendments**

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the amendment sought will be the second amendment to the pleadings. Thus, this factor does not weigh against granting leave to amend. *Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2021 WL 848768, at *4 (E.D. Cal. Mar. 5, 2021) (concluding single prior amendment as a matter of course did not outweigh the other Rule 15 factors that weighed in favor of granting leave to amend).

**Conclusion and Order**

Based on the foregoing, the *Nunez* factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file a second amended complaint. Therefore, the Court exercises its discretion to grant Plaintiff's motion for leave to file a second amended complaint. *Swanson*, 87 F.3d at 343. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. 35) is GRANTED;
2. Within five days of entry of this Order, Plaintiff shall file a second amended complaint electronically as a standalone docket entry in this case. Plaintiff's second amended complaint shall correct the deficiency identified in count two and addressed in the Court's opinion above (*supra* p. 6);
3. Upon its filing, the second amended complaint shall become the operative complaint in this action;
4. Plaintiff shall have thirty days from the entry of this order to effectuate service upon Defendants United States of America and United States Immigration & Customs Enforcement;
5. Defendants shall have 45 days to file their responses to the second amended complaint following service thereof;
6. The scheduling conference set for June 26, 2023, at 9:30 a.m. before the undersigned, shall be continued to July 24, 2023, at 9:00 a.m.; and

///

7. Defendants' motions to dismiss (Docs. 21, 32) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: __**April 17, 2023**__         _____
                                      UNITED STATES MAGISTRATE JUDGE