**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHERYL WILKE (SBN# 216109)
110 S.E. 6th Street, Suite 2600,
 Fort Lauderdale, FL 33301
Telephone: 954.495.2220
Cheryl.Wilke@lewisbrisbois.com

Attorneys for Defendant
 GEO GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn, <br><br> Plaintiff, <br><br> v. <br><br> GEO GROUP, INC.; UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT <br> Defendants. | Case No. 1:22-cv-00586-JLT-BAK <br><br> **DEFENDANT GEO GROUP, INC'S MOTION TO DISMISS  PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

<u>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S  SECOND AMENDED COMPLAINT**</u>

Defendant GEO GROUP, INC. ("Defendant") by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 8(a), 10(b) and 12(b)(6) hereby moves to dismiss the claims set forth in Plaintiff SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn,("Plaintiff") Second Amended Complaint on the following grounds:



1        1.       The Seventh Cause of Action for alleged violation of Cal. Civil Code §43, Cal. Civil

2  Code §51 ("Unruh Civil Rights Act").

3        2.       The Eighth Cause of Action for alleged Violation of Cal. Civil Code §52.1 1

4  ("California Bane Act") for failure to state facts sufficient to constitute a cause of action.

5        WHEREFORE, in light of the foregoing, and as more fully explained below, Defendant

6  respectfully requests that this honorable Court grant their Second Amended Motion to Dismiss

7  Count seven and Count eight against Defendant in the Second Amended Complaint.

8

9  DATED:  May 9, 2023            LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11                     By:       /s/ Cheryl Wilke

12                         CHERYL WILKE

13                         Attorney for Defendant GEO GROUP, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.      <u>INTRODUCTION</u>**

3         Plaintiff SYLVIA AHN, as daughter and on behalf of the Estate of Choung Woong Ahn,

4    ("Plaintiff") Second Amended Complaint fails to establish that GEO GROUP, INC. ("Defendant")

5    violated Cal. Civil Code § 43, Cal. Civil Code § 51 ("Unruh Civil Rights Act") and Cal. Civil Code

6    § 52.1 ("California Bane Act").

7    **II.     <u>STATEMENT OF FACTS ALLEGED BY PLAINTIFF</u>**

8         Plaintiff is the daughter of seventy four year old decedent, Choung Woong Ahn

9    ("Detainee"). Second Amended Compl. ¶ 2.  Detainee was born in South Korea and entered the

10   United States in 1988 as a lawful Permanent Resident and resided in San Francisco until the time of

11   his arrest. Detainee was confined to state prison for years. *Id.* ¶14.

12        On or about February 21, 2020, ICE arrested Detainee at CSP and took Detainee into their

13   civil custody. Plaintiff was transported to Mesa Verde ICE processing Center ("Mesa Verde"). *Id.*

14   ¶15.  Plaintiff alleged Defendant City of McFarland, California hired and entered into a service

15   agreement with GEO Group for immigration detention services at Mesa Verde. *Id.* ¶7.

16        On March 12, 2020, while at Mesa Verde,  Detainee reported he was experiencing shortness

17   of breath and chest pain. *Id.* ¶28. Detainee was admitted to the emergency department of Mercy

18   Hospital in Bakersfield, California. *Id.* ¶28. Detainee received emergency surgery to remove a mass

19   on his lung. During this time, Detainee was distressed and believed he had been diagnosed with lung

20   cancer. *Id.* ¶ 29.

21        On May 14, 2020 Detainee returned to Mesa Verde after receiving a negative COVID -19

22   test and was placed in isolation after spending two days in the emergency department during the

23   pandemic. *Id.* ¶ 46-47. He was segregated to avoid community spread during the height of the

24   pandemic and prior to the availability of vaccinations.

25        On May 17, 2020 Detainee committed suicide by hanging himself with a bedsheet.  *Id.* ¶ 62

26

27

28    .

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

III.    <u>THE SECOND AMENDED COMPLAINT FAILS TO PLEAD ANY VIABLE CLAIM</u>
<u>ESTABLISHING THAT DEFENDANT VIOLATED CAL. CIVIL CODE § 43, CAL.</u>
<u>CIVIL CODE § 51 (UNRUH) AND CAL. CIVIL CODE § 52.1 (BANE ACT).</u>

As is known to this Court, the Plaintiff was allowed to file a Second Amended Complaint, to add the United States of America as a Party Defendant as well as to make Additional allegations. Against the previous defendants United States Immigration and Customs Enforcement and GEO Group.

Prior to the filing of the Second Amended Complaint, Defendant GEO Group filed its Motion to Dismiss as to Counts VII and VIII of the Amended Complaint.(DE 21 ).   No hearing or ruling was issued by this Court on that Motion.

As the allegations in Counts VII and VIII remain the same in the Second Amended Complaint as in the First Amended Complaint, GEO Group reasserts its request for dismissal.

To survive a motion to dismiss, the pleading must establish a "plausible" right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff has failed to establish a plausible right to relief under both Cal. Civil Code § 43, Cal. Civil Code § 51 (Unruh Civil Rights Act) and Cal. Civil Code § 52.1 (California Bane Act).

A.    <u>Plaintiff Has Not Properly Pled A Violation of Cal. Civ. Code § 51.</u>

The Unruh Civil Rights Act (hereinafter, "The Unruh Act"), provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability [or] medical condition ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. Code § 51.

A plaintiff alleging a violation of the Unruh Act must show the following (1)) [plaintiff] was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) [plaintiff's] disability was a motivating factor for this denial; (3) defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

70118067.1                                                    4
DEFENDANT'S AMENDED MOTION TO DISMISS
CASE NO. 1:22-at-00351

1    denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;

2    and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

3    *Johnson v. Beahm*, No. 2:11–cv–0294–MCE–JFM, 2011 WL 5508893, at *4 (E.D.Cal. Nov. 8,

4    2011).

5          In short, Plaintiff's Unruh Act claim should be dismissed because (1) Defendant is not a

6    business establishment and there was no customer-proprietorship relationship and (2) Detainee was

7    not denied accommodations because of any alleged disability. *See Delta Sav. Bank v. U.S.*, 265 F.3d

8    1017, 1025 (9th Cir. 2001).

9                    **1.    Defendant does not qualify as a business establishment**

10         The Ninth Circuit has confirmed that in determining whether an organization qualifies as a

11   "business establishment" under the Unruh Act, the focus of the inquiry must be the relationship

12   between plaintiff and defendant. *Id.* at 1025. ("[Unruh Act] has been limited to cases "where the

13   plaintiff was in a relationship with the offending organization similar to that of the customer in the

14   customer-proprietor relationship."); *see also  Strother v. S. Cal. Permanente Med. Group*, 79 F.3d

15   859, 873–74 (9th Cir. 1996)("The Unruh Act claims [are] appropriate where the plaintiff was in a

16   relationship with the offending organization similar to that of the customer in the customer-

17   proprietor relationship which the Act and its predecessors have most commonly covered'").

18         In addition, "the word 'business' embraces everything about which one can be employed

19   and it is often synonymous with calling, occupation or trade, engaged in for the purpose of making

20   a likelihood or gain. *O'Connor v. Village Green Owners Assoc.*, 33 Cal.3d 790, 795, 191 Cal.Rptr.

21   320, 662 P.2d 427 (1983). According to *O'Connor* and the California Court of Appeal's

22   interpretation of section 51 "a prison does not qualify as a "business" because prisoners are not

23   engaged in a calling, occupation or trade for purposes of making a livelihood or gain." *Taormina v.*

24   *Cal. Dep't of Corrs.*, 946 F. Supp. 829, 834 (S.D. Cal. 1996) (citing *O'Connor*, 33 Cal.3d at 795).

25   . "Rather, [prisoners] are incarcerated by the state because of crimes which they have committed.

26   *Id.* (holding the Unruh Act does not apply to correctional facilities); *Estate of Mejia v.*

27   *Archambeault*, 2021 WL 4428990 *8 (S.D. Cal. Sept. 27, 2021) ("although the Court recognizes

28   that [Defendant]  is not a state jail or prison, the Court notes that other courts have consistently held

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  that state jails and prisons are not "business establishments" under the Unruh Act").

2      Pleading "a private operator of federal detention centers, qualifies as a business

3  establishment under the Unruh Act is unpersuasive." *Id.* at *8.  In the present case, Plaintiff relies

4  on *Wilkins-Jones v. Cty. of Alameda*, the exact case the Southern District identified as a non-binding

5  case involving a private contractor. *Id.* ("*Wilkins-Jones* court emphasized that the private contractor

6  at bar was 'qualitatively different from a correctional facility itself'").

7      Identical to *Estate of Mejia*, Defendant is also a private operator of correctional facilities and

8  thus is distinguishable from *Wilkins-Jones* non-binding case law involving a private contractor.  *Id.*

9  *at *8*. Defendant requests the court to rule in line with the Southern District of California that

10  "[a]bsent legislation or clear interpretation from the Ninth Circuit, the Court cannot embrace

11  Plaintiffs' novel interpretation of the Unruh Act." *Id.*

12      **2.    Detainee was not denied accommodations because of any alleged**

13          **disability.**

14      Plaintiff further alleges Detainee was denied accommodations because of his mental health,

15  and the alleged denial "constitut[ed] discrimination against [Detainee] on the basis of his disability."

16  *See* Second Amended Compl ¶ 172. On March 12, 2020, Detainee was admitted to Mercy Hospital

17  in Bakersfield due to chest pain and struggling to breathe. ¶28, 45. Once  Detainee returned on May

18  14, 2020 he was placed in solitary as an alleged COVID 19 safety measure. *Id.* at ¶ 52. Plaintiff fails

19  to present any evidence to state a claim of relief that Detainee was denied accommodations because

20  of his alleged disability of depression, anxiety, and other mental illnesses.  *Id.* at ¶ 113 (a).

21      In essence, Defendant requests the Court to dismiss Count Seven for a failure to adequately

22  plead claim under the Unruh Act.

23

24      **B.    Plaintiff Has Not Properly Pled A Violation of Cal. Civ. Code § 52.1**

25      The Tom Bane Civil Rights Act (" Bane Act") provides for civil actions against those who

26  interfere or attempt to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment

27  by any individual or individuals of rights secured by" the Constitution or laws of the United States

28  or the State of California. Civ. Code, § 52.1(b); *see Shoyoye v. County of Los Angeles*, 137 Cal.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

70118067.1                                    6
DEFENDANT'S AMENDED MOTION TO DISMISS
CASE NO. 1:22-at-00351

Rptr. 3d 839, 955, 959 (Cal. App. 2d Dist. 2012) (held "[t]he essence of a Bane Act claim is that the defendant, by the specified improper means, (i.e., threats, intimidation or coercion), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law); *see also Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040, 1043 (9th Cir. 2018) (held the Bane Act was originally enacted in 1987 to address hate crimes).

In other words,  the apparent purpose of the Bane Act is not to provide relief brought about by human error rather than intentional conduct. *Shoyoye*, 137 Cal. Rptr. 3d at 959. Legislature meant the Act to address interference with constitutional rights involving more egregious conduct than mere negligence, even assuming *arguendo* there was any negligence on the part of GEO Group, which is expressly denied. *Id.* at 958.

The Act imposes an additional requirement beyond a finding of a constitutional violation. *Reese*, 888 F.3d 1043. "[T]hreat, intimidation or coercion serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief." *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 225, Cal. Rptr. 3d 356, 383 (2017) (case cited in *Reese*, 888 F.3d at 1043). Plaintiff relies on *B.B. v. County of Los Angeles*, 25 Cal. App. 5th 115, 130 (Cal. Ct. App. 2018) to support the conclusion that "the threat, intimidation or coercion need not be transactionally independent from the constitutional violation alleged" and "placing [Detainee] in a solitary cell constitutes coercion." But, *B.B v. County of Los Angles*, specifically concluded "…that, to establish liability under the Bane Act, a plaintiff must prove the defendant acted with specific intent to violate the plaintiff's civil rights." More specifically, the Ninth Circuit has held the specific intent requirement articulated in *Cornell* is consistent with the language of § 52.1. *Reese*, 888 F.3d at 1043. Accordingly, *Cornell* held the egregiousness required by § 52.1 is tested by whether the circumstances indicate Defendant had a specific intent to violate the Detainee's rights. *Id.*  at 1044.

*Cornell* adopted the specific intent standard established in *Screws v. U.S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), for assessing criminal violations of federal civil rights. This test essentially sets forth two requirements for a finding of "specific intent." *Cornell*, 17 Cal. App. 5th at



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

803. The first is a purely legal determination, (1) "Is the right at issue clearly delineated and plainly applicable under the circumstances of the case?" *Id.* If the trial judge concludes that it is, then the jury must make the second, factual, determination. (2) "Did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?" *Id.* The act of interference with a constitutional right must be deliberate or spiteful. *Shoyoye*, 137 Cal. Rptr. 3d at 849.

Here, Plaintiff fails to plead any evidence that Defendant had any specific intent to violate the Detainee's rights nor any evidence of the alleged interference being deliberate or spiteful. Instead, Plaintiff relies on *Reese* and *Cornell*, to support the allegations that Defendant acted with specific intent to deprive Detainee because these alleged acts and omissions were evidence of a "reckless disregard" if not a knowing interference, of Detainee's rights. *See* Second Amended Compl.¶172; *see also Reese*, 888 F.3d at 1045. But more specifically, *Reese* states the reasonableness inquiry is "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]" In addition, *Reese* states "the jury must find the defendant 'intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances[.] It is not necessary for the defendants to have been "thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.*

Here Plaintiff fails to establish a reckless disregard for Detainee's constitutional right. On May 14, 2020, Defendant moved Detainee to Medical Isolation after returning from the hospital in midst of a pandemic. Second Amended Compl. ¶46-47. Plaintiff fails to properly plead that the decision was committed for the particular purpose of depriving Detainee of his enjoyment of right or that Detainees isolation was unreasonable in light of the ongoing pandemic and the facts and circumstances confronting them.  Further, placing Detainee with other Detainees while already showing symptoms of poor immunity could have worsen his conditions or place facility at risk. In sum, Plaintiff has failed to properly plead Defendant specific intention and that Defendant's actions was unreasonable.

Furthermore, there is no evidence in the Second  Amended Complaint Defendant threatened

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

70118067.1                                    8
DEFENDANT'S AMENDED MOTION TO DISMISS
CASE NO. 1:22-at-00351

1  or attempted to intimidate Detainee, nor is there evidence that Detainee was treated differently than

2  other Detainees, or that any conduct directed at him was to interfere with his constitutional rights.

3          In essence, the Eastern District of California has recognized that there are two distinct

4  elements for a section 52.1 cause of action: (1) intentional interference or attempted interference

5  with a state or federal constitutional or legal right, and (2) the interference or attempted interference

6  was by threats, intimidation or coercion. *Warren v. Mgt. and Training Corp.*, 2016 WL 8730711 at

7  *4 (E.D. Cal. Aug. 5, 2016). In sum,  Plaintiff has failed to establish a cause of action for both

8  elements under section 52.1.

9

10  **IV.    <u>CONCLUSION</u>**

11          The Second Amended Complaint's attempt to state a violation of Cal. Civil Code § 43, Cal.

12  Civil Code § 51 ("UNRUH") and Cal. Civil Code § 52.1 ("Bane Act") fails as a matter of law.

13  Defendants respectfully request the court grant Defendant's Motion to Dismiss Plaintiff's  Second

14  Amended Complaint.

15  DATED:  May 9, 2023                    LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17                                     By:    /s/ Cheryl Wilke

18                                            CHERYL WILKE
                                              Attorneys for Defendant GEO GROUP, INC.
19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

70118067.1                                        9
DEFENDANT'S AMENDED MOTION TO DISMISS
CASE NO. 1:22-at-00351

1
2
3

**SERVICE LIST VIA CM/ECF**
**SYLVIA AHN, as daughter and on behalf of the Estate of**
**Choung Woong Ahn, v. GEO GROUP, INC**
**Case No. 1:22-at-00351**

4   **Trevor Kosmo (SBN 329218)**
    **Priya Arvind Patel (SBN 295602)**
5   **CENTRO LEGAL DE LA RAZA**
    **3400 East 12th Street**
    **Oakland, CA 94601**
6   **Telephone: (510) 838-02656**
    **Facsimile: (510) 437-9164**
7   **tkosmo@centrolegal.org**
    **Attorney for Plaintiff, SYLVIA AHN, as daughter and on behalf of the Estate**
8   **Of Choung Woong Ahn**

9   **Oren Nissim Nimni***
    **Amaris Montes***
10  **Sophie Angelis (SBN 341668)**
    **RIGHTS BEHIND BARS**
11  **416 Florida Ave. NW #26152**
    **Washington, D.C. 20001**
12  **Telephone: (202) 540-0029**
    **oren@rightsbehindbars.org**
13

14  **Lisa Knox (SBN 279406)**
    **CALIFORNIA COLLABORATIVE FOR**
15  **IMMIGRANT JUSTICE**
    **1999 Harrison St #1800**
16  **Oakland, CA 94612**
    **Telephone: 5102302746**
17  **lisa@ccijustice.org**

18  **Philip A. Talbert**
    **United Sates Attorney**
19  **Brodie and Butland**
    **2500 Tulare Street, Suite 44401**
20  **Fresno, CA 93721**
    **Telephone (559) 497-4000**

21
22
23
24
25
26
27
28

DEFENDANTS'  MOTION TO DISMISS
CASE NO. 1:22-at-00351

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW