IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN,<br><br>                Plaintiff,<br><br>        v.<br><br>GEO GROUP, INC., et al.,<br><br>                Defendants. | CASE NO. 1:22-CV-00586-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S UNOPPOSED REQUEST TO SEAL DOCUMENT<br><br>(Doc. 55). |

Defendant United States of America has filed a Notice of Unopposed Request to Seal Documents.  (Doc. 55.)  Defendant requests that the contracts identified as Exhibit 2-B to the Declaration of Natasha Nguyen (Doc. 54) be filed under seal for purposes of the Motion to Dismiss filed by Defendants Immigration and Customs Enforcement (ICE).  While Defendant separately submitted to the undersigned Exhibit 2-B and the proposed sealing order as called for under Local Rule 141, Defendant's submission did not include a separate "Request to Seal Documents" consistent with that Rule.  *See* Local Rule 141(b).

"Documents may be sealed only by written order of the Court' upon the showing required by applicable law."  L.R. 141.  Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents.  *See generally Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public.").  As a general rule, the

public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press Enterprise*, 464 U.S. at 510).

Defendant's unopposed motion seeks the filing of Exhibit 2-B to the Declaration of Natasha Nguyen under seal because, according to Defendant's Notice, it potentially involves competitive information, general safety and/or security information relating to the operation of Mesa Verde and other facilities operated by GEO Group, Inc., as well as the financial privacy rights of ICE and GEO. (Doc. 55).

Here, while protecting competitive information and/or safety or security information relating to the operation of a detention facility constitutes a "compelling interest," Defendant does not articulate how failing to seal the requested document would result in a "substantial probability" that the compelling interest would be harmed. *Oregonian Publishing Co.*, 920 F.2d at 1466. Thus, a nearly identical document to the Performance Work Statement contained in Exhibit 2-B for a different facility is available on the Internet[1] and an earlier version of a similar Performance Work Statement is available on the Department of Justice's website.[2] Exhibit 2-B additionally refers to significant amounts of information and resources and references that are available in the public domain, undermining any claim that disclosure would be detrimental. Further, Defendant has not addressed the third prong under *Oregonian Publishing Co*. – to wit, for instance, whether the filing of a redacted version of Exhibit 2-B could appropriately balance the competing interests under the First Amendment.

---

[1] *See* "Performance Work Statement (PWS) – Port Isabel Detention Center, August 2021," available at https://www.highergov.com/document/2-4-1-a0006-attachment-1-pws-pidc-clean-pdf-75f223 (last visited June 21, 2023).

[2] *See* "Performance Work Statement" re: Contract Award No. ODT-5-C-0003, available at https://www.justice.gov/archive/ofdt/otay-mesa-contract.pdf (last visited June 21, 2023).

1  Accordingly, for the foregoing reasons, Defendant's request to seal is DENIED WITHOUT
2  PREJUDICE.  Defendant may submit an amended application to seal that contains supplemental
3  information responsive to the analysis set forth above and/or propose the public filing of a redacted
4  version of Exhibit 2-B, at which point the Court is prepared to reconsider Defendant's request.
5  IT IS SO ORDERED.

Dated:   **June 21, 2023**                              _____
                                                       UNITED STATES MAGISTRATE JUDGE