**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHERYL WILKE, SB# 216109
  E-Mail: Cheryl.Wilke@lewisbrisbois.com
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

Attorneys for Defendants, GEO GROUP,
INC;

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AHN, Individually and as Successor-in-Interest to the Estate of Choung Woong Ahn, <br><br> Plaintiff, <br><br> vs. <br><br> GEO GROUP, INC.; and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 1:22-cv-00586 <br><br> **ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF GEO GROUP, INC.** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Trial Date:         None Set |

Defendant, GEO GROUP, INC; ("Defendant" or "GEO Group") answers the Third Amended Complaint of Plaintiff SYLVIA AHN, Individually and as Successor-in-Interest to the Estate of Choung Woong Ahn, ("Plaintiff") as follows:

### Introduction

1.      Defendant GEO Group, Inc. denies that any cause of action arises from the Plaintiff's allegations.  Specifically, the Plaintiff took his own life while under COVID medical care.  Neither GEO Group, Inc. nor any of its agents or employees participated in any torture nor was Ahn subject to solitary confinement.

### Parties

2.      GEO Group is without knowledge as to the legal or familial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

relationship between Choung Woong Ahn ("Ahn") and Sylvia Ahn, however does not dispute standing of Ms. Ahn to proceed with this litigation.

3.    Denied as to incarceration of Ahn.  Ahn was a detainee under the legal requirements of the Immigration and Customs Enforcement Agency and related statutory provisions.  Admitted as to the date of death.  GEO Group is without knowledge of Ahn's residence before he was detained.

4.    Admitted as to corporate address, denied as to GEO Group, Inc.'s incorporation in Florida.

5.    Denied.

6.    This paragraph 6 is not directed to GEO Group, Inc. and therefore the allegations are denied.

## Jurisdiction and Venue

7.    Defendant GEO Group denies that any claims under Section 504 of the Rehabilitation Act, the Alien Tort Statute ("ATS"), or the Federal Tort Claims Act exist as to the allegations of the Plaintiff, however does not contest jurisdiction before this Court.

8.  GEO Group does not dispute venue before this Court.

9.  GEO Group does not contest personal jurisdiction by this Court.

10.    Denied as to the existence of any California state law claims as no such claims are pled.

## Factual Allegations

### I.    Mr. Ahn's Detention and Death

11.    Denied

12.    Without knowledge of pre-detention residence or status and therefore Denied.

13.    Without knowledge of pre-detention medical history and therefore, Denied.

14.    Without knowledge as to Ahn's incarceration history.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    15.    Admitted.

2    16.    Without knowledge and therefore Denied.

3    17.    Admitted.

4    18.    Denied.

5    19.    Denied.

6    20.    Admitted as to renewal of contract.  Denied as to any implication of

7  wrongdoing or improper services by GEO Group.

8    21.    Denied.

9    22.    Denied.

10    23.    Denied.

11    24.    Denied.

12    25.    Denied.

13    26.    Denied.

14    27.    Admitted.

15    28.    Without knowledge as to Ahn's beliefs.  Denied as to remainder of the

16  allegations in paragraph 28.

17    29.    Denied.

18    30.    Denied.

19    31.    Admitted as to government requirements during COVID-19 pandemic.

20  Denied as to the remaining allegations in paragraph 31.

21    32.    Denied.

22    33.    The allegations of paragraph 32, are not directed toward GEO Group.

23  As such, same are Denied.

24    34.    Denied.

25    35.    Without knowledge as to Plaintiff's specific medical records which

26  were under the care, custody and control of Wellpath, and therefore Denied..

27    36.    Denied.

28    37.    Denied.



1   38.   Denied.

2   39.    This provision is not directed to GEO Group and is therefore, Denied.

3   40.   Denied.

4   41.   Admitted.

5   42.   Without knowledge as to specific requests for care made to Mercy
6   Hospital staff and therefore Denied.

7   43.   Denied.

8   44.   Without knowledge of medical symptoms at time of admission and
9   therefore Denied.

10   45.   Admitted.

11   46.   Denied.

12   47.   Denied.

13   48.   Denied.

14   49.   Denied.

15   50.   Denied.

16   51.   Denied.

17   52.   Denied as stated.  The Court order and remedial action are public
18   record and the true indication of the steps required.

19   53.   Denied.

20   54.   Denied.

21   55.   GEO Group is without knowledge as to any communication with
22   family members and therefore, the allegations of paragraph 55 are denied.

23   56.   Denied.

24   57.   GEO Group is without knowledge as to any communication between
25   ICE and Ahn and therefore the allegations of this paragraph 57 are denied.

26   58.   Denied.

27   59.   Without knowledge of Ahn's hearing status and therefore, Denied.

28   60.   Denied.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

61. Denied as stated.

62. Without knowledge of the relationship between Sylvia Ahn and Ahn and therefore, Denied.

**II.   Presentation of Claims.**

63. Without knowledge of Plaintiff's administrative proceedings with ICE and therefore Denied.

64. Without knowledge of Plaintiff's administrative proceedings with ICE and therefore Denied.

**III.   Applicable Standards and Protocols.**

65. Admitted.

66. Admitted.

67. Admitted.

68. GEO Group defers to the actual standards set forth in the PBNDS and therefore denies this allegation as characterized by the Plaintiff.

69. Denied as stated.

70. GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

71. GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies this allegation as characterized by the Plaintiff.

72. GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

73. GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

74. Denied.

75. GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

76. Admitted.

77. Denied.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

78.     GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

79.     GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

80.     GEO Group defers to the actual standards set forth in the PBNDS and therefore denies these allegations as characterized by the Plaintiff.

81.     GEO Group defers to the actual standards set forth in the PBNDS and therefore denies these allegations as characterized by  Plaintiff.

82.     Denied.

83.     GEO Group defers to the actual standards set forth in the PBNDS and therefore, denies these allegations as characterized by the Plaintiff.

## **CLAIMS FOR RELIEF**

### **COUNT ONE:  WRONGFUL DEATH**

*Plaintiff against Defendant GEO Group*

84.     Defendant realleges and reasserts the defenses and responses set forth in paragraphs 1-83 as if set forth more fully herein.

85.     The allegations  of this paragraph 85, cite to Civil Code and case law references and therefore does not require a response.  However, any allegations of wrongful death under state or federal law are expressly Denied.

86.     The allegations of this paragraph 86, cite to case law which GEO contends is not applicable to the case at bar and therefore, Denies the allegations.

87.     The allegations of this paragraph 87 cite to case law which GEO Group contends is not applicable to the case at bar and therefore, Denies the allegations.

88.     Denied including all sub-parts a-f.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

ANSWER TO THID AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    93.    Denied.

2

3    **COUNT TWO: DISABILITY DISCRIMINATION – VIOLATION OF THE**

4    **REHABILITATION ACT**

5    ***Plaintiff against GEO Group***

6    94.    Defendant, realleges and reasserts the defenses and responses set forth

7    in paragraphs 1-83 as if set forth more fully herein.

8    95.    The allegations of this paragraph 95 cite to statutory law which GEO

9    contends is not applicable to the case at bar and therefore Denies the allegations.

10   96.    The allegations of this paragraph, 96 cite to statutory law which GEO

11   Group contends is not applicable to the case at bar and therefore, Denies the

12   allegations.

13   97.    The allegations of this paragraph 96 cite to statutory law which GEO

14   Group contends is not applicable to the case at bar and therefore Denies same.

15   98.    The allegations of this paragraph 97 cite to statutory law which GEO

16   Group contends is not applicable to the case at bar and therefore, Denies same.

17   99.    GEO Group is without knowledge as to Plaintiff's specific rights under

18   ICE protocols and related statutory provisions and therefore, Denies same.

19   100.   Admitted.

20   101.   Denied.

21   102.   Denied.

22   103.   Denied.

23   104.   Denied.

24   105.   Denied.

25   106.   Denied as to the application of this Guide to the case at bar.

26   107.   Denied as to the application of this Guide to the case at bar.

27   108.   GEO Group defers to the actual requirements of the PBNDS and

28   therefore Denies these allegations as characterized by the Plaintiff.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

141346801.2                    7                    Case No. 1:22-cv-00586
ANSWER TO THID AMENDED COMPLAINT

109.   GEO defers to the actual requirements of the PBNDS and therefore Denies these allegations as characterized by the Plaintiff.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied including all subparts a-i.

114.   Denied.

115.   Denied as to any violation of Section 377.11 of California Civil Code and further Denied as to any entitlement by Plaintiff to recovery of any damages against GEO Group.

**COUNT THREE:   VIOLATION OF THE LAW OF NATIONS UNDER THE ALIEN TORT STATUTE FOR TORTURE & CRUEL, INHUMANE AND DEGRADING TREATMENT.**
***Plaintiff against GEO Group***

116.   Defendant GEO Group realleges and reasserts the defenses and responses set forth in paragraphs 1-83 above as if set forth more fully herein.

117.   .The cited law speaks for itself and defendant relies on the actual text. To the extent the Plaintiff claims this statutory is applicable to GEO Group or that GEO Group violated same, those allegations are Denied.

118.   Denied as stated.  GEO Group relies on the statutory provisions and this Court's determination of any application to GEO group.

119.   Denied as stated.  GEO group relies on the statutory provisions and this Court's determination of any application to GEO Group.

120.   Denied.

121.   Denied as to any application of the stated statute to GEO Group.

122.   Denied as to any application of the stated statute to GEO Group.

123.   Denied as to characterization and application of cited law to GEO Group.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    124.   Denied.

2    125.   Denied.

3    126.   Denied.

4    127.   Denied.

5    128.   Denied.

6    129.   Denied.

7    130.   Admitted as to training received.  Denied as to all other allegations of

8    paragraph 130.

9    131.   Denied.

10   132.   Denied

11   133.   Denied.

12   134.   Denied.

13   135.   Denied.

14   136.   Without knowledge of Plaintiff's alleged status as successor in interest

15   and therefore, Denied.

16   **COUNT FOUR: NEGLIGENCE OR NEGLIGENCE PER SE**

17   137.   GEO Group realleges its defenses and responses as set forth in

18   paragraphs 1-83 above as if set forth more fully herein.

19   138.   This paragraph asserts a statement of law and does require a response,

20   however, GEO Group Denies all allegations which state or imply that it committed

21   any negligence regarding Ahn.

22   139.   Admitted as to statutory and contractual duty of care.  Denied as to all

23   other characterizations and allegations of this paragraph 139.

24   140.   Denied including as to all allegations in sub-paragraphs a-f.

25   141.   Denied.

26   142.   Denied.

27   143.   Denied.

28   144.   GEO Group is without knowledge of Plaintiff's standing as successor



1  in interest and therefore Denies the allegations in paragraph 144.

2

3

4  **COUNT FIVE – INTENTIONAL INFLICTION OF EMOTIONAL**
5  **DISTRESS**

6  *Plaintiff against Defendant GEO Group*

7  145.   Defendant, GEO Group realleges the defenses and responses set forth
8
9  in paragraphs 1-83 as if set forth more fully herein.

10  146.   Defendant denies the allegations of this paragraph 146 and defers solely
11
12  to statutory interpretation and applicability of this cause of action as to GEO Group.
13  Therefore, the allegations are Denied.

14  147.   Denied.

15  148.   Denied.
16
17  149.   Denied.

18  150.   Denied.

19  151.   Denied.
20
21  152.   Denied.

22  153.   Denied.

23  154.   GEO Group is without knowledge of the Plaintiff's standing as successor
24
25  in interest and therefore Denies the allegations in paragraph 154.

26  **COUNT SIX – NEGLIGENT TRAINING SUPERVISION AND RETENTION**

27  *Plaintiff against Defendant GEO Group*

28



141346801.2

ANSWER TO THID AMENDED COMPLAINT

Case No. 1:22-cv-00586

155.   Defendant, GEO Group realleges the defenses set forth in paragraphs 1-83 above as if set forth more fully herein.

156.   Denied.

157.   GEO Groip Denies the characterization and summarization of the applicable standards as set forth by Plaintiff in paragraph 157 and therefore, Denies the allegations as set forth

158.   .Denied as stated.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Defendant is without knowledge as to the legal status of Plaintiff as successor in interest and therefore, Denies the allegations of paragraph 163.

**COUNT SEVEN – (MISNUMBERED BY PLAINTIFF AS COUNT EIGHT): VIOLATIONS OF CAL CIVIL CODE Sec. 52.1 BANE ACT**

***Plaintiff against GEO Group***

164.   Defendant GEO Group realleges and reasserts the defenses and positions set forth in paragraphs 1-83 as if set forth more fully herein.

165.   GEO Group denies the Plaintiff's characterization of the Bane Act as set forth and denies all remaining allegations of this paragraph.

166.   GEO group denies the characterization of the Plaintiff's allegations in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

paragraph 166 and further denies any violations or damages resulting from said allegations.

167.   Denied

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Defendant GEO Group is without knowledge as the Plaintiff's status as successor in interest and therefore Denies the allegations in paragraph 176.

### COUNT EIGHT MISNUMBERED AS COUNT TWELVE:  NEGLIGENCE FOR UNDELEGATED AND NONDELEGABLE DUTIES – FEDERAL TORTS CLAIMS ACTI 28 U.S.C. § 1346(b)
*Plaintiff against Defendant United States*

Defendant GEO Group realleges and reasserts the defenses and positions as set forth in paragraphs 1-83 above as if set forth more fully herein.Paragraphs 178 – 226 are not addressed toward GEO Group, Inc.  To the extent that any actions, inactions, claims, or causes are alleged against GEO Group, same are DENIED.



1

2
## AFFIRMATIVE DEFENSES

3      1.      As for separate and distinct defenses, this answering Defendant, GEO

4  GROUP alleges as follows:

5
## FIRST AFFIRMATIVE DEFENSE

6
### (Failure to State Cause of Action)

7      2.      As and for a first, separate and affirmative defense to the Complaint and

8  each of its purported causes of action, this answering Defendant alleges that said

9  Complaint, and each and every case of action or purported cause of action contained

10  therein, fails to state facts sufficient to constitute a cause of action against this

11  answering Defendant.

12
## SECOND AFFIRMATIVE DEFENSE

13
### (Standing)

14      3.      As and for a second, separate and affirmative defense to the Complaint

15  and each of its purported causes of action, this answering Defendant alleges Plaintiff

16  lacks standing to bring the claims set forth in the complaint.

17
## THIRD AFFIRMATIVE DEFENSE

18
### (Exercise of Due Care)

19      4.      As and for a third, separate and affirmative defense to the Complaint and

20  each of its purported causes of action, this answering Defendant alleges it exercised

21  ordinary care, caution, and prudence to avoid the alleged loss and damage of Plaintiff

22  and fully complied with its statutory obligations and thus this answering Defendant

23  did not breach any duty to Plaintiff.

24
## FOURTH AFFIRMATIVE DEFENSE

25
### (Standard of Care)

26      5.      As and for a fourth, separate and affirmative defense to the Complaint

27  and each of its purported causes of action, this answering Defendant alleges Plaintiff

28  is barred and precluded from recovery in this action because this answering Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

alleges that Defendant at all times complied with the applicable standard of care required of this answering Defendant at the time and location where the incident occurred.

## FIFTH AFFIRMATIVE DEFENSE

### (Cause-in-Fact)

6.      As and for a fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the cause-in-fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

7.      As and for a sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the cause-in-fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Negligence)

8.      As and for a seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges any injuries or damages to Plaintiff, if any, were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiff. Plaintiff did not conduct himself and did not manage and/or conduct his affairs in a reasonable manner or as a reasonable person would have done in like or similar circumstances and, by reason of such conduct, Plaintiff legally caused and/or contributed, in whole or in part, to his own damages and losses, if any. Plaintiff is therefore, barred from recovery herein, or, if

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  any liability is found on the part of this answering Defendant, then Plaintiff's recovery
2  shall be reduced on the basis of Plaintiff's contributory and/or comparative
3  negligence, recklessness, and intentional conduct.

4  **EIGHTH AFFIRMATIVE DEFENSE**

5  **(Assumption of the Risk)**

6  9.     As and for an eighth, separate and affirmative defense to the Complaint
7  and each of its purported causes of action, this answering Defendant alleges Plaintiff
8  conducted himself in such a manner at the time and place referred to in the Complaint
9  herein that implies that Plaintiff reasonably assumed the risk of harm or injury,
10 evidenced by reason of the fact that Plaintiff had actual knowledge of the particular
11 dangers involved in such conduct, knew and understood the degree of risk involved,
12 and thereafter, in spite of such knowledge, freely and voluntarily chose to and did
13 expose himself to that particular known danger, which conduct resulted in the injuries
14 of which Plaintiff now complaints, and, therefore, is barred either totally or to the
15 extent of said assumption of any damages.

16 **NINTH AFFIRMATIVE DEFENSE**

17 **(Negligence or Intentional Acts of Others)**

18 10.    As and for a ninth, separate and affirmative defense to the Complaint and
19 each of its purported causes of action, this answering Defendant alleges the injuries
20 and damages alleged by Plaintiff, if any, were proximately caused by the negligence,
21 recklessness, and intentional conduct of other persons and/or entities, and thus this
22 answering Defendant is entitled to an allocation of such negligent, reckless and
23 intentional conduct amongst them, conduct which this answering Defendant denies,
24 and these other persons and/or entities. Thus, if any liability is found against this
25 answering Defendant, judgement should be assessed against this answering
26 Defendant only to the extent that it represents the proportionate percentage by which
27 this answering Defendant's acts and/or omissions contributed to Plaintiff's injuries, if
28 any.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### TENTH AFFIRMATIVE DEFENSE

### (Prop 51: Several Liability of Non-Economic Damages)

11.    As and for a tenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges California Civil Code sections 1431.1 through 1431.5, known as the Fair Responsibility Act of 1986, apply to the present action and/or to certain claims therein, and based upon principles of comparative fault, the liability, if any, of this answering Defendant for non-economic damages shall be several only, and shall not be joint with any other person or entity. This answering Defendant, if liable at all, shall be liable only for the amount of non-economic damages allocated to in direct proportion to its respective percentage of fault, and a separate and several judgement shall be rendered against it for non-economic damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

12.    As and for an eleventh, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges at all times relevant, the conduct of Defendant alleged in the Complaint conformed to all applicable statutes, governmental regulations, and industry standards.

### TWELFTH AFFIRMATIVE DEFENSE

### (Indemnification)

13.    As and for a twelfth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges in the event this answering Defendant is found liable, this answering Defendant is entitled to indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed incident or alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

16

ANSWER TO THID AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**(Apportionment)**

14.     As and for a thirteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant is informed and believes and alleges that each of the other parties, and/or third persons not parties to this action, may have been negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiff's Complaint. This answering Defendant, therefore, requests that in the event of a finding of any liability in favor of Plaintiff, or settlement or judgment against this answering Defendant, an apportionment of fault be made among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 13 Cal.3d 804 (1975). This answering Defendant further requests a judgement and a declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

15.     As and for a fourteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges that Defendant had no intent to harm Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reckless Disregard)

16.     As and for a fifteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges that if the allegations contained in the Complaint are true, this Defendant did not act with reckless disregard of the probability that Plaintiff would suffer harm or knew that Plaintiff was present when the alleged conduct occurred.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

17.     As and for a sixteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

141346801.2                                    17                        Case No. 1:22-cv-00586
ANSWER TO THID AMENDED COMPLAINT

contends that Plaintiff is barred by the doctrine of unclean hands because the alleged damages of which Plaintiff complains resulted from the abuse and misuse of the instrumentalities involved in the incident by Plaintiff, persons whose actions are imputed to Plaintiff, or others unknown to this Answering Defendant and not from any act or omission on the part of this Answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18.   As and for a seventeenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges and contends that Plaintiff is barred by the doctrine laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

1.   As and for a nineteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, this answering Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet, unstated affirmative defenses available. This answering Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

WHEREFORE, Defendants pray:

1.   That Plaintiff take nothing by reason of her complaint and that judgment be entered in favor of Defendant;

2.   For the costs of suit incurred herein; and

3.   For such other and further relief as the Court may deem just and proper.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED:  June 12, 2024                CHERYL WILKE
2                                        LEWIS BRISBOIS BISGAARD & SMITH LLP
3
4                                        By: _____/s/ Cheryl Wilke_____
5                                             CHERYL WILKE
6                                             Attorneys for Geo Group
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I HEREBY CERTIFY that the foregoing was filed using the CM/ECF filing
portal that will send electronic notification to all counsel of record on this 12th day
4  of June, 2024.

5  _____        /s/ Cheryl Wilke
                                           Cheryl Wilke, Esq.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



141346801.2

Case No. 1:22-cv-00586

ANSWER TO THID AMENDED COMPLAINT